IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

UNITED STATES OF AMERICA      :
                              :
v.                            :     Case No. 7:19CR00021
                              :
KEVIN SHANE BRADBURY          :

## STATEMENT OF FACTS

Had this matter gone to trial, the United States would have proven each of these following facts beyond a reasonable doubt through admissible and relevant evidence.

On or about January 17, 2019, The Botetourt County Sheriff's Office arranged for a confidential informant ("CI") to purchase narcotics from KEVIN SHANE BRADBURY in a controlled purchase. At about the same time, the Roanoke County Police Department was conducting surveillance on BRADBURY at the residence where the CI had arranged to meet BRADBURY to make the controlled purchase. Officers observed a vehicle parked in the residence driveway known to be driven by BRADBURY.

BRADBURY, whose driver's license had been revoked was then observed driving the vehicle. The vehicle's license plate was dangling and the front and back plates did not match. The vehicle was stopped by law enforcement and BRADBURY was observed in the driver's seat. Upon a consent search, two substances suspected to be narcotics were found on BRADBURY's person. Two additional substances, suspected to be narcotics, were found in the hood of the vehicle driven by BRADBURY.

BRADBURY was advised of his *Miranda* rights and admitted that the suspected narcotics belonged to him.

One of the substances suspected to be narcotics was sent to the Drug Enforcement Administration Mid-Atlantic Laboratory and pursuant to a Certificate of Analysis dated January 30, 2019, the laboratory reported the substance to contain 15.37 grams of methamphetamine, a Schedule II Controlled Substance. The other three substances also field tested positive for narcotics.

*Defendant's Initials:* _KB_

## Conclusion

The parties stipulate that the above facts are true and correct, and that had this matter gone to trial, the United States would have proven each of these facts beyond a reasonable doubt. The facts described above demonstrate that on or about January 17, 2019, BRADBURY did knowingly and intentionally possess with intent to distribute five grams or more of methamphetamine, a Schedule II controlled substance.

The actions taken by BRADBURY as described above were taken willfully, knowingly, and with the specific intent to violate the law. BRADBURY did not take those actions by accident, mistake, or with the belief that they did not violate the law. BRADBURY acknowledges that the purpose of the foregoing statement of facts is to provide an independent factual basis for his guilty plea.

Respectfully submitted,

_____
Rachel Barish Swartz
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day, I stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Kevin Shane Bradbury
Defendant

I am Kevin Bradbury's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 4-3-19

_____
Correy Diviney, Esq.
Counsel for Defendant

Defendant's Initials: *JB*

Case 7:19-cr-00021-EKD   Document 31   Filed 04/08/19   Page 3 of 3   Pageid#: 55

*Defendant's Initials:* _PB_