# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **Case No. 7:19CR00021** |
| : | |
| **KEVIN SHANE BRADBURY** : | |

## SENTENCING MEMORANDUM

COMES NOW the United States of America, by counsel, having considered the sentencing factors set forth in 18 U.S.C. §3553(a), and recommends that Mr. Bradbury be sentenced to a total term of incarceration of 60 months, the statutory mandatory minimum.

## DISCUSSION

District courts generally must perform the following four steps in sentencing defendants: (1) properly calculate the sentencing range recommended by the advisory Guidelines; (2) determine whether a sentence within that range and within statutory limits serves the factors set forth in § 3553(a) and if it does not, select a sentence that does serve those factors; (3) implement any applicable mandatory statutory limitations; and (4) articulate on the record the reasons for selecting the particular sentence and especially, if applicable, explain why a sentence outside of the Sentencing Guidelines range better serves the relevant sentencing purposes set forth in § 3553(a) than one within it. *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006); *United States v. Booker*, 543 U.S. 220, 260-65 (2005); 18 U.S.C. § 3553(a).

I. <u>The Defendant's Advisory Sentencing Guidelines Range</u>

The Pre-Sentence Report was prepared on June 18, 2019. The government has no objections to the report. Furthermore, the government agrees that the Guidelines are properly calculated at 51-63 months, based on a total offense level of 17 and a criminal history category

of VI. However, there is a statutorily required minimum sentence of 60 months. 21 U.S.C. § 841(b)(1)(B). Therefore, the applicable Guideline range is 60-63 months.

II. A Guidelines Sentence Satisfies the Section 3553(a) Factors

Section 3553 of Title 18 provides that "the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). Specifically, when fashioning a sentence, the Court must consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the goal of the Court to impose a sentence that:

(A) reflects the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) affords adequate deterrence to criminal conduct;

(C) protects the public from further crimes of the defendant; and

(D) provides the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the Guidelines and Guideline range;

(5) any pertinent policy statements;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a)(1)-(7); *Green*, 436 F.3d at 455-56. For the reasons stated below, the Section 3553(a) factors warrant a 60 month sentence, at the low end of the guideline range.

A.  The Nature and Circumstances of the Offense

Mr. Bradbury's offense involved multiple instances of distribution of methamphetamine, evidencing an intentional and continuing course of conduct that harmed the Roanoke community.  The Sentencing Guidelines and statutory mandatory minimum correctly account for his conduct.

B.  The History and Characteristics of the Defendant

Mr. Bradbury's history and characteristics support a Guidelines sentence based on the statutory mandatory minimum.  Mr. Bradbury's criminal history is extensive, placing him in criminal history category VI.  His significant criminal history, involving narcotics distribution and violence as well as a series of failure to appear and similar charges, indicate a lack of respect for the law.  Mr. Bradbury's history and characteristics suggest that he knows full well the harm caused by narcotics distribution, yet he continued to participate in the drug trade.  A Guidelines sentence—and application of the statutory mandatory minimum—are appropriate to deter Mr. Bradbury from returning to his historic criminal conduct.

However, while the Pre-Sentence Report does not identify any significant mitigating factors, Mr. Bradbury was cooperative with law enforcement from the date of his arrest.  This cooperation and early acceptance of responsibility is a factor leading towards the government's recommendation for a sentence at the low-end of the (three month) Guideline range.

C.  The Remaining Factors

As for the remaining factors under Section 3553(a), the government submits that a Guidelines sentence (1) promotes respect for the law by imposing a substantial, but not unnecessarily lengthy, sentence on a drug distributor; (2) imposes just punishment and deters Mr. Bradbury from recidivism; (3) provides general deterrence by reminding the public that

offenders of this nature will receive serious sentences; and (4) protects the public by incapacitating Mr. Bradbury through incarceration for a substantial period of time. A Guidelines sentence is likewise consistent with the kinds of sentences available, creates no disparity among similarly-situated defendants and comports with general sentencing policy.

## CONCLUSION

For the reasons stated above, the government recommends that the Court impose a sentence at the low end of the Guidelines for Defendant Kevin Shane Bradbury.

Respectfully submitted,

        THOMAS T. CULLEN
        United States Attorney

Date: June 25, 2019        */s/ Rachel Barish Swartz*
        Rachel Barish Swartz
        Assistant United States Attorney
        New York State Bar No. 4667044
        Western District of Virginia
        P. O. Box 1709
        Roanoke, VA 24008-1709
        Tel: (540) 857-2250
        Fax: (540) 857-2283
        Email: rachel.swartz@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, June 25, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send a copy of said filing to counsel for the defendant.

/s/ Rachel Barish Swartz
Assistant United States Attorney