IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 7:19-cr-00021-001 |
| ) | |
| KEVIN SHANE BRADBURY ) | |

**SENTENCING MEMORANDUM**

COMES NOW the defendant, Kevin Shane Bradbury, by counsel, and respectfully submits the following Sentencing Memorandum in support of his request for a sentence of 60 months pursuant to 18 U.S.C. § 3553.

Mr. Bradbury comes before the court having pled guilty to one count of possession with intent to distribute and distribution of 5 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B). In attempting to determine the appropriate sentence in this case the Court must, among other considerations, impose a sentence no greater than that which is sufficient to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner. See 18 U.S.C. § 3553(a)(2). See also, U. S. v. Gall, 128 S.Ct. 586 (2007), U. S. v. Hughes, 401 F.3d 540(4th Cir. 2005), and U. S. v. Pauley, 511 F.3d 468 (4th Cir. 2007).

1.  **SECTION 3553(a)(1):  THE NATURE AND CIRCUMSTANCE OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT.**

There can be no doubt that the illegal distribution of methamphetamine is a serious

criminal charge, and the defendant would not attempt to minimize or justify his actions in that regard. However, the defendant's actions are not those of a sinister and avaricious kingpin preying upon the addictions of weaker men and women. The defendant himself is a hardcore, daily methamphetamine user, who, at the time of the offense conduct, was living in conditions akin to abject poverty. All the proceeds of his drug distribution activity went to feed his own addiction, and he has literally nothing to show for the fruits of his distribution activities.

Mr. Bradbury's struggles with substance abuse are better understood when placed in the context of his childhood and family life. The defendant's father was an opiate and cocaine addict who spent two years of the defendant's adolescence in prison for prescription fraud. The defendant's older sister has also struggled with drug addiction since her early teens, a time in which the defendant was just entering the formative years of adolescence. Surrounded by addiction within the walls of his own home, it is not hard to understand how the defendant himself gained access to such dangerous substances and fell into the same patterns as his father and sister.

2. **SECTION 3553(a)(2): THE NEED FOR THE SENTENCE IMPOSED - (A) TO REFLECT THE SERIOUSNESS OF THE OFFENSE, TO PROMOTE RESPECT FOR THE LAW, AND TO PROVIDE JUST PUNISHMENT FOR THE OFFENSE; (B) TO AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT; (C) TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT; AND (D) TO PROVIDE THE DEFENDANT WITH NEEDED EDUCATIONAL AND VOCATIONAL TRAINING, MEDICAL CARE, OR OTHER CORRECTIONAL TREATMENT IN THE MOST EFFECTIVE MANNER.**

The defendant's sentencing guideline range, accounting for mandatory minimum time provided in the applicable statute, is between 60 - 63 months. Though the defendant

has a lengthy criminal history, the majority of his criminal convictions are misdemeanors and he has never served a sentence longer than 30 months, which was completed more than 10 years ago. A sentence of twice that length, 60 months, would act as a significant wake-up call to the defendant. It is near the high end of his guideline range and will allow the defendant many, many hours to consider the error of his ways. Such a sentence will surely discourage the defendant from future criminal activity, and act as a protectant to the public from future crimes. It will also allow the defendant to enter into and complete educational and vocational training, as well as receive necessary substance abuse treatment, when eligible.

## **CONCLUSION**

Against the backdrop of a personal and family history fraught with addiction, the defendant's involvement in the instant case can be viewed as a "unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." <u>Koon v. United States</u>, 518 U.S. 81, 113 (1996). The defendant therefore requests this Court to sentence him to 60 months, which is a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing as set forth in 18 U.S.C. § 3553.

                                                 KEVIN SHANE BRADBURY

                                                 By: /s/ Correy A. Diviney

Correy A. Diviney, Esq. (VSB#74833)
STRICKLAND, DIVINEY, SEGURA & BYRD
P.O. Box 2866
Roanoke, VA 24001-2866
Telephone: (540) 982-7787
Fax: (540) 342-2909
Email:  correy@stricklandattorneys.com

    Counsel for Kevin Shane Bradbury

## CERTIFICATE OF SERVICE

    I hereby certify that this 25th day of June, 2019, I electronically filed the forgoing Sentencing Memorandum with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

    By: /s/ Correy A. Diviney