IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 7:19-cr-00021 |
| ) | |
| ) | |
| KEVIN SHANE BRADBURY, ) | By:  Elizabeth K. Dillon |
| ) | United States District Judge |
| Defendant. ) | |

**MEMORANDUM OPINION**

Pending before the court is Kevin Shane Bradbury's motion for relief pursuant to 28 U.S.C. § 2255 and the government's motion to dismiss Bradbury's § 2255 motion. (Dkt. Nos. 46, 54.) For the reasons stated below, the court will grant the government's motion to dismiss, deny Bradbury's § 2255 motion, and decline to issue a certificate of appealability.

I.  BACKGROUND

Bradbury pleaded guilty to one count of possession with intent to distribute five grams or more of methamphetamine. (Dkt. No. 41.) On July 2, 2019, the federal court sentenced Bradbury to 60 months imprisonment on this count. Meanwhile, in June 2019, Bradbury had been indicted by a state court grand jury for possession of a firearm by a violent felon. Then, on July 23, 2019, Bradbury was served with a state warrant for the firearm charge. (Dkt. No. 46-1 at 3.) Bradbury pleaded guilty in state court to the firearm charge and was sentenced to 24 months, consecutive to the federal sentence.

On July 6, 2020, Bradbury filed a motion for relief pursuant to 28 U.S.C. § 2255. (Dkt. No. 46-1.) Bradbury bases his motion on: (1) ineffective counsel for failing to argue that the sentences should run concurrently pursuant to U.S.S.G. § 5G1.3; and (2) abuse of discretion by the trial court for failing to consider U.S.S.G. § 5G1.3. (*Id.* at 3–6.)

The government argues that Bradbury's claim of ineffective counsel does not satisfy the *Strickland* test—specifically, that the choice by counsel to not argue under § 5G1.3 was neither deficient nor prejudicial. The government explains that the warrant for possession of a firearm was not relevant conduct and was not anticipated at the time of sentencing. The government also argues that Bradbury's motion must fail on abuse of discretion because sentencing errors based on a misapplication of advisory guidelines simply are not cognizable on collateral review.

## II. ANALYSIS

### A. Section 2255

Under 28 U.S.C. § 2255, a movant may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. *Id.* § 2255(a). The movant bears the burden of proving grounds for collateral relief by a preponderance of the evidence. *See United States v. Cook*, Criminal No. 1:11-cr-188, 2019 WL 921448, at *1 (E.D. Va. Feb. 25, 2019) (citing *Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967)). In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b). An evidentiary hearing is required when a movant presents a colorable Sixth Amendment claim

showing disputed facts beyond the record or when a credibility determination is necessary to resolve the issue. *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000). The record in this case conclusively establishes that Bradbury is not entitled to relief, so the court may address the motion without an evidentiary hearing.

## B. The *Strickland* Test for Ineffective Counsel

The Supreme Court has outlined "the standards by which to judge a contention that the Constitution requires that a criminal judgment be overturned because of the actual ineffective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 676 (1984). The Court established a two-part test: (1) "the defendant must show that counsel's performance was deficient"; and (2) "the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. The Court clarified that the first part requires a showing that counsel was not performing as guaranteed by the Sixth Amendment and the second part requires a showing that the deficiencies were so great "as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The Court emphasized that "a court must indulge a *strong presumption* that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689 (emphasis added). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Nor does any amount of effect on the judgment by counsel satisfy the second prong— rather, there must be a "reasonable probability that, *but for* counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694 (emphasis added).

In his motion, Bradbury asserts that his attorney performed ineffectively as counsel by failing to argue for the application of U.S.S.G. § 5G1.3(c), which provides that if "a state term of imprisonment is anticipated to result from another offense that is relevant conduct . . . the

3

sentence . . . shall be imposed to run concurrently." Thus, a granted § 5G1.3(c) application would have allowed Bradbury to serve his federal sentence and state sentences concurrently. Bradbury argues that since "any amount of actual jail time has Sixth Amendment significance," *Glover v. United States*, 531 U.S. 198, 199 (2001), his counsel was not performing as guaranteed by the Sixth Amendment when he did not argue for § 5G1.3(c).

Bradbury presents no evidence that the gun charge in state court was anticipated when he was sentenced by this court in early July 2019. Bradbury argues that the court was made aware of the outstanding gun charge at the time of sentencing, but a review of the sentencing transcript confirms that this is incorrect. The record in this case, including the Presentence Investigation Report, establishes that nobody involved in the federal case knew that the state was going to bring charges against Bradbury. Even if the court or counsel had been aware of the charge, there is no evidence that the gun charge was part of a common scheme with his methamphetamine distribution. Therefore, Bradbury's counsel did not act deficiently by failing to request a consecutive sentence pursuant to § 5G1.3(c).

For many of the same reasons, Bradbury cannot show that, had his counsel argued for a consecutive sentence under § 5G1.3(c), the court would have granted the request. As Bradbury himself points out, "federal courts generally 'have *discretion* to select whether the sentence they impose will run concurrently or consecutively with respect to the other sentence.'" (Dkt. No. 46-1 at 4 (quoting *Setser v. United States*, 566 U.S. 231, 242–43 (2012) (emphasis added)). Bradbury has not presented any but-for evidence connecting his counsel's performance and Bradbury's ultimate sentence. Nor could he since the state court gun charge was not anticipated and not relevant conduct. Therefore, Bradbury's claim fails both prongs of *Strickland*.

### C. Abuse of Discretion

Bradbury argues that a court's lack of consideration regarding § 5G1.3 constitutes an abuse of discretion. Bradbury has not presented any evidence that the trial court was unaware of the contours of its discretion. In addition, when it comes to sentencing, the Fourth Circuit has held that a sentencing error is only subject to review if it results in "a complete miscarriage of justice." *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). And when it comes to advisory guidelines, "a 'fundamental defect or a complete miscarriage of justice' has not occurred where the petitioner was sentenced as a career offender 'under an advisory Guidelines scheme.'" *Braswell v. Smith,* 952 F.3d 441, 450 (4th Cir. 2020) (quoting *Foote*, 784 F.3d at 931–32). Here, the sentencing was based on advisory guidelines. Therefore, there was no miscarriage of justice and the trial court did not abuse its discretion.

### D. Certificate of Appealability

When issuing a final order adverse to the § 2255 movant, the court must issue or deny a certificate of appealability. *See* Fed. R. Gov. § 2255 Proc. 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). The court declines to issue a certificate of appealability because Bradbury has not made a substantial showing of the denial of

a constitutional right and reasonable jurists would not find the court's assessment of his claims to be debatable or wrong.

## III.  CONCLUSION

Based on the foregoing, the court will issue an appropriate order granting the government's motion to dismiss, denying Bradbury's § 2255 motion, and declining to issue a certificate of appealability.

Entered: September 24, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge